## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-225

DUSTIN HARRISON,

     Plaintiff,

v.

TROY SARDI, in his individual capacity,
MICHAEL JUDD, in his individual capacity,

     Defendants.

---

## COMPLAINT AND JURY DEMAND

---

Plaintiff Dustin Harrison, by and through his attorneys, Andy McNulty, Mari Newman, and Madeline Leibin of NEWMAN | MCNULTY, LLC, respectfully alleges for his Complaint and Jury Demand as follows:

### INTRODUCTION

1.     On May 13, 2024, Plaintiff Dustin Harrison was driving past the entrance to Mueller State Park on Colorado State Highway 67 South in Teller County, Colorado, when he saw Colorado Parks & Wildlife ("CDPW") Officer Defendant Michael Judd searching a parked vehicle. Concerned that Defendant Judd's search was illegal, Mr. Harrison pulled over and begin filming and questioning Defendant Judd. Mr. Harrison did not interfere with Defendant Judd while he filmed and questioned him; in fact, Mr. Harrison remained at least ten (10) feet away from Defendant Judd during their interaction.

2.     Still, Defendant Judd called the Teller County Sheriff's Office ("TCSO") to arrest Mr. Harrison, and TCSO Deputy Defendant Troy Sardi arrived at the scene shortly thereafter.

Moments after arriving on-scene, Defendants Sardi arrested Mr. Harrison because he was filming and criticizing law enforcement officers in the performance of their duties. Defendant Judd and Defendant Sardi then conspired to initiate prosecution against Mr. Harrison.

3.      Though Mr. Harrison was simply exercising his clearly established constitutional right to film the police, he was arrested, jailed, and criminally prosecuted. Mr. Harrison brings this lawsuit to hold Defendant Judd and Defendant Sardi accountable for their blatant flouting of his constitutional rights.

## PARTIES

4.      At all times relevant to this Complaint, Plaintiff Dustin Harrison was a citizen of the United States of America and a resident of and domiciled in the State of Colorado.

5.      At all times relevant to this Complaint, Defendant Michael Judd was a citizen of the United States and resident of and domiciled in the State of Colorado. At all relevant times, Defendant Judd was acting within the scope of his official duties and employment and under color of state law in his capacity as a law enforcement officer for CDPW. Defendant Judd is a peace officer, as defined by C.R.S. § 16-2.5-102, and, therefore, is subject to suit under C.R.S. § 13-21-131.

6.      At all times relevant to this Complaint, Defendant Troy Sardi was a citizen of the United States and resident of and domiciled in the State of Colorado. At all relevant times, Defendant Sardi was acting within the scope of his official duties and employment and under color of state law in his capacity as a law enforcement officer for TCSO. Defendant Sardi is a peace officer, as defined by C.R.S. § 16-2.5-102, and, therefore, is subject to suit under C.R.S. § 13-21-131.

## JURISDICTION AND VENUE

7.      This action arises under the Constitution and laws of the United States and is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. § 1331. Jurisdiction supporting Plaintiff's claim for attorney fees and costs is conferred by 42 U.S.C. § 1988.

8.      Venue is proper in this District according to 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred in this District and all Defendants reside in this District.

9.      Supplemental pendent jurisdiction is based on 28 U.S.C. § 1367 because the violations of federal law alleged are substantial and the pendent causes of action derive from a common nucleus of operative facts.

## FACTUAL ALLEGATIONS

**Defendant Judd and Defendant Sardi arrest Mr. Harrison because he is recording and criticizing them in the performance of their duties.**

10.     On May 13, 2024, at approximately 10:00 a.m., Mr. Harrison was driving past the Mueller State Park entrance on Colorado State Highway 67 South, in Teller County, when he noticed an individual, later identified as Defendant Judd, was searching a vehicle. The vehicle was unoccupied and parked on the side of the road. Defendant Judd was searching the vehicle through its driver's side door.

11.     Mr. Harrison felt as though it was important to film Defendant Judd to ensure that he was accountable for his actions in searching the parked vehicle; Mr. Harrison thought Defendant Judd's search of the parked vehicle was quite possibly illegal. To that end, Mr. Harrison stopped, parked, and exited his truck. He began filming Defendant Judd with his cell phone and asked him repeatedly whether he had permission to search the parked vehicle. At all times while he asked Defendant Judd whether he had permission to search the parked vehicle, Mr. Harrison remained at least ten (10) feet away from Defendant Judd.

3

12.     Defendant Judd asked Mr. Harrison to move his truck to ensure that he was not blocking the exit to Mueller State Park. Mr. Harrison readily complied with Defendant Judd's command by parking his truck behind Defendant Judd's vehicle. Mr. Harrison's truck did not impede traffic in any way at any time during the encounter.

13.     After Mr. Harrison parked his truck behind Defendant Judd's vehicle, he again began filming Defendant Judd in the performance of his duties with his cell phone. Defendant Judd told Mr. Harrison to leave, but Mr. Harrison refused and repeatedly, but respectfully, asserted his First Amendment rights to film Defendant Judd in the performance of his duties. At all times during this interaction, Mr. Harrison remained at least ten (10) feet away from Defendant Judd.

14.     When Defendant Judd ordered Mr. Harrison to leave, Mr. Harrison was not threatening Defendant Judd's safety or otherwise engaging in any behavior that could be construed as threatening any other person's safety. In fact, no other person was in the area. Defendant Judd's order to Mr. Harrison to leave was an unlawful and illegal order made with the sole purpose of preventing Mr. Harrison from continuing to film and criticize his search of the parked vehicle.

15.     Defendant Judd called on his radio for a TCSO law enforcement officer to join the scene as back up. When Defendant Judd called for backup, he intended for Mr. Harrison to be arrested. Defendant Judd's intention was to ensure that Mr. Harrison was retaliated against for filming and criticizing him. An individual later identified as TCSO Defendant Sardi arrived at the scene less than five (5) minutes later.

16.     Upon arrival, Defendant Sardi's very first statement to Mr. Harrison was a command: he ordered Mr. Harrison to get back into his truck. Mr. Harrison responded with more

of the same respectful assertions of his First Amendment rights to film. And Mr. Harrison

patiently explained to Defendant Sardi that he was simply filming Defendant Judd in the

performance of his duties, as was his right.

17.     Defendant Sardi did not respond to any of Mr. Harrison's explanations. Instead,

he aggressively escalated the situation: he again ordered Mr. Harrison to step back into his truck

and threatened to detain him if he did not do so.

18.     Mr. Harrison sought to clarify the basis for Defendant Sardi's threat; he asked

what basis there was for his detention. But Defendant Sardi did not respond to Mr. Harrison's

queries. Instead, Defendant Sardi arrested Mr. Harrison. He pushed Mr. Harrison against the bed

of his truck and handcuffed him. Mr. Harrison's arrest occurred less than a minute after

Defendant Sardi's arrival to the scene.

19.     When Defendant Sardi ordered Mr. Harrison to step back into his truck, Mr.

Harrison was neither threatening Defendant Judd's nor Defendant Sardi's safety or otherwise

engaging in any behavior that could be construed as threatening any other person's safety. In

fact, there was still no other person in the area. Defendant Sardi's order to Mr. Harrison to step

back into his truck was an unlawful and illegal order made with the sole purpose of preventing

Mr. Harrison from continuing to film and criticize Defendant Judd's and Defendant Sardi's

actions.

20.     As he was being handcuffed and immediately thereafter, Mr. Harrison continued

to try to understand why he was being arrested. Initially, Defendant Sardi did not respond to Mr.

Harrison's questions, nor did he acknowledge Mr. Harrison's assertions of his First Amendment

rights. After some time, and following multiple queries from Mr. Harrison, Defendant Sardi

finally noted that Mr. Harrison was arrested because he was not following instructions, i.e. the

order by Defendant Sardi to return to his vehicle so that he could not film the actions of Defendant Judd.

21.    It was clear that Defendant Sardi was attempting to prevent Mr. Harrison from filming and criticizing Defendant Judd, and himself, in the performance of their duties.

22.    It was also clear that Mr. Harrison's filming and criticizing of the officers in the performance of their duties annoyed Defendant Judd and Defendant Sardi.

23.    Defendant Judd and Defendant Sardi then conspired to initiate the process to bring a bogus charge against Mr. Harrison. Both officers falsely claimed that Mr. Harrison obstructed a peace officer, Defendant Judd, in the performance of his duties. Defendant Judd and Defendant Sardi knew that these statements were false and that they would result in Mr. Harrison's continued detention and the institution of criminal charges against him.

24.    Defendant Judd and Defendant Sardi took these actions to retaliate against Mr. Harrison for engaging in protected First Amendment activity.

25.    Defendant Judd and Defendant Sardi knew that there was no probable cause to believe that Mr. Harrison had committed any crime.

26.    Mr. Harrison was taken to, and spent time in, jail. His bond was $400. Mr. Harrison's vehicle was towed and impounded following his arrest.

27.    Mr. Harrison was prosecuted, and he had to endure the possibility that he would have a criminal record. Mr. Harrison was forced to hire a lawyer and pay a retainer to that lawyer.

28.    Mr. Harrison's singular charge — obstruction of a peace officer, in violation of section 18-4-104, C.R.S. 2024 — was dismissed because there was no basis to believe that there was probable cause for his arrest.

## CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF
42 U.S.C. § 1983
First Amendment
Freedom of Speech**

29.     Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

30.     Defendants acted under color of state law, and within the course and scope of their employment, in their capacities as law enforcement officers at all times relevant to the allegations in this Complaint.

31.     Defendants are "persons" under 42 U.S.C. § 1983.

32.     Plaintiff was engaged in First Amendment-protected expression by both protesting police action and recording police officers in the performance of their official duties.

33.     The actions of Defendants can be expected to chill a reasonable person from engaging in activity protected by the First Amendment.

34.     Plaintiff's expression was on a matter of public concern and did not violate any law.

35.     Plaintiff's expression occurred at a traditional public forum.

36.     Defendants' actions were a content-based and/or viewpoint-based restriction of Plaintiff's expression.

37.     Defendants' actions were not a reasonable time, place, and manner restriction on speech. For instance, Plaintiff's arrest was not a narrowly tailored restriction.

38.     At the time when Defendants stopped Plaintiff from expressing himself and filming, it was well-established that Plaintiff had a clearly established constitutional right under

the First Amendment to the United States Constitution to express himself and film. Any reasonable law enforcement officer knew or should have known of this clearly established right.

39.    Defendants engaged in their conduct intentionally, knowingly, willfully, wantonly, maliciously, and in reckless disregard of Plaintiff's constitutional rights.

40.    As a direct and proximate cause and consequence of Defendants' unconstitutional acts and omissions, described above, Plaintiff suffered injuries, damages, and losses.

41.    Defendants' herein described acts or omissions were the moving force and the legal, direct, and proximate cause of Plaintiff's injuries and losses, including but not limited to non-economic damages, economic damages, the physical and mental pain and anguish Plaintiff suffered during and after his arrest, and other compensatory and special damages.

42.    Defendants' intentional actions or inactions as described herein intentionally deprived Plaintiff of due process and of rights, privileges, liberties, and immunities secured by the Constitution of the United States of America.

**SECOND CLAIM FOR RELIEF**
**42 U.S.C. § 1983**
**First Amendment**
**Retaliation**

43.    Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

44.    Defendants acted under color of state law, and within the course and scope of their employment, in their capacities as law enforcement officers at all times relevant to the allegations in this Complaint.

45.    Defendants are "persons" under 42 U.S.C. § 1983.

46.    Plaintiff was engaged in First Amendment-protected expression by questioning and filming the conduct of Defendants.

47.     Plaintiff's expression was on a matter of public concern and did not violate any law.

48.     Plaintiff's expression occurred at a traditional public forum.

49.     Defendants jointly and on their own accord responded to Plaintiff's First Amendment protected activity with retaliation.

50.     Defendants' actions against Plaintiff were a content- and/or viewpoint-based restriction on speech.

51.     Defendants' retaliatory actions would chill a person of ordinary firmness from engaging in such First Amendment protected activity.

52.     Defendants' retaliatory actions were substantially motivated by Plaintiff's exercise of his First Amendment rights.

53.     At the time when Defendants retaliated against Plaintiff for exercising his First Amendment rights, Plaintiff had a clearly established constitutional right under the First Amendment to the United States Constitution to be free from retaliation. Any reasonable law enforcement officer knew or should have known of this clearly established right.

54.     Defendants engaged in their conduct intentionally, knowingly, willfully, wantonly, maliciously, and in reckless disregard of Plaintiff's constitutional rights.

55.     As a direct and proximate cause and consequence of Defendants' unconstitutional acts and omissions, described above, Plaintiff suffered injuries, damages, and losses.

56.     Defendants' herein described acts or omissions were the moving force and the legal, direct, and proximate cause of Plaintiff's injuries and losses, including but not limited to non-economic damages, economic damages, the physical and mental pain and anguish Plaintiff suffered, and other compensatory and special damages.

57.     Defendants' intentional actions or inactions as described herein intentionally deprived Plaintiff of due process and of rights, privileges, liberties, and immunities secured by the Constitution of the United States of America.

### THIRD CLAIM FOR RELIEF[1]
### C.R.S. § 13-21-131
### Colo. Const. Art. II, Section 10
### Freedom of Speech

58.     Plaintiff hereby incorporate all other paragraphs of this Complaint as if fully set forth herein.

59.     Defendants acted under color of state law, and within the course and scope of their employment, in their capacity as law enforcement officers at all times relevant to the allegations in this Complaint.

60.     Defendants are "peace officers[,]" as defined by C.R.S. § 16-2.5-102, and, therefore, is subject to suit under C.R.S. § 13-21-131.

61.     The Free Speech Clause to the Colorado Constitution provides that "[n]o law shall be passed impairing the freedom of speech; every person shall be free to speak, write or publish whatever he will on any subject, being responsible for all abuse of that liberty; and in all suits and prosecutions for libel the truth thereof may be given in evidence, and the jury, under the direction of the court, shall determine the law and the fact." Colo. Const. Art. II, Section 10.

62.     The free speech rights protected by Colo. Const. Art. II; Section 10 are more expansive than those protected by the First Amendment to the United States Constitution.

63.     Plaintiff were engaged in protected speech.

64.     Plaintiff's speech was on a matter of public concern and did not violate any law.

---

[1] Plaintiff brings these claims in good faith for the express purpose of extending and/or modifying existing precedent relating to C.R.S. § 13-21-131.

65.     Defendants' conduct would chill a person of ordinary firmness from exercising his free speech rights.

66.     Defendants' conduct was a content-and/or viewpoint-based restriction on Plaintiff's speech.

67.     Plaintiff's speech occurred at a traditional public forum.

68.     Defendants' conduct was motivated by evil motive or intent and/or involved reckless or callous indifference to the protected rights of Plaintiff.

69.     As a direct and proximate cause and consequence of Defendants' unconstitutional acts and omissions, described above, Plaintiff suffered injuries, damages, and losses.

70.     Defendants' herein described acts or omissions were the moving force and the legal, direct, and proximate cause of Plaintiff's injuries and losses, including but not limited to non-economic damages, economic damages, the physical and mental pain and anguish Plaintiff suffered, and other compensatory and special damages.

**FOURTH CLAIM FOR RELIEF[2]**
**C.R.S. § 13-21-131**
**Colo. Const. Art. II, Section 10**
**Retaliation**

71.     Plaintiff hereby incorporate all other paragraphs of this Complaint as if fully set forth herein.

72.     Defendants acted under color of state law, and within the course and scope of their employment, in their capacity as a law enforcement officer at all times relevant to the allegations in this Complaint.

---

[2] Plaintiff brings these claims in good faith for the express purpose of extending and/or modifying existing precedent relating to C.R.S. § 13-21-131.

73.     Defendants are "peace officers[,]" as defined by C.R.S. § 16-2.5-102, and, therefore, is subject to suit under C.R.S. § 13-21-131.

74.     The Free Speech Clause to the Colorado Constitution provides that "[n]o law shall be passed impairing the freedom of speech; every person shall be free to speak, write or publish whatever he will on any subject, being responsible for all abuse of that liberty; and in all suits and prosecutions for libel the truth thereof may be given in evidence, and the jury, under the direction of the court, shall determine the law and the fact." Colo. Const. Art. II, Section 10.

75.     The free speech rights protected by Colo. Const. Art. II; Section 10 are more expansive than those protected by the First Amendment to the United States Constitution.

76.     Plaintiff were engaged in protected speech.

77.     Plaintiff's speech was on a matter of public concern and did not violate any law.

78.     Defendants' conduct would chill a person of ordinary firmness from exercising his free speech rights.

79.     Defendants' conduct was a content-and/or viewpoint-based restriction on Plaintiff's speech.

80.     Plaintiff's speech occurred at a traditional public forum.

81.     Defendants responded to Plaintiff's protected speech activity with retaliation.

82.     Defendants' retaliatory actions were substantially motivated by Plaintiff's exercise of his free speech rights.

83.     Defendants sought to punish Plaintiff for exercising his free speech rights, to silence his future speech, to stop him from continuing to speak, and to restrict his freedom of expression, along with the future speech and expression of others.

84.     Defendants' retaliatory actions would chill a person of ordinary firmness from engaging in protected free speech activity.

85.     Defendants' conduct was motivated by evil motive or intent and/or involved reckless or callous indifference to the protected rights of Plaintiff.

86.     As a direct and proximate cause and consequence of Defendants' unconstitutional acts and omissions, described above, Plaintiff suffered injuries, damages, and losses.

87.     Defendants' herein described acts or omissions were the moving force and the legal, direct, and proximate cause of Plaintiff's injuries and losses, including but not limited to non-economic damages, economic damages, the physical and mental pain and anguish Plaintiff suffered, and other compensatory and special damages.

**FIFTH CLAIM FOR RELIEF**
**42 U.S.C. § 1983**
**Fourth Amendment**
**Unlawful Arrest**

88.     Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

89.     Defendants acted under color of state law, and within the course and scope of their employment, in their capacities as law enforcement officers at all times relevant to the allegations in this Complaint.

90.     Defendants are "persons" under 42 U.S.C. § 1983.

91.     Defendants did not have probable cause or any other legal basis to believe that Plaintiff had committed or was committing any violating of the law prior to ordering Plaintiff to leave and step back into his truck and arresting him.

92.     Defendants had no warrant authorizing them to contact Plaintiff.

93.     Defendants who did not personally detain or arrest Plaintiff failed to intervene to prevent the other Defendants from searching Plaintiff without a warrant, probable cause, or exigent circumstances.

94.     No legally recognizable exigent circumstances existed which would have justified or permitted Defendants' conduct.

95.     Defendants' actions were objectively unreasonable in light of the circumstances confronting them.

96.     Defendants' intentional, willful, and wanton seizure of Plaintiff, as described herein, was solely based on Plaintiff's exercise of his First Amendment rights.

97.     As a direct and proximate cause and consequence of Defendants' unconstitutional acts and omissions, described above, Plaintiff suffered injuries, damages, and losses.

98.     Defendants' herein described acts or omissions were the moving force and the legal, direct, and proximate cause of Plaintiff's injuries and losses, including but not limited to non-economic damages, economic damages, the physical and mental pain and anguish Plaintiff suffered, and other compensatory and special damages.

99.     Defendants' intentional actions or inactions as described herein intentionally deprived Plaintiff of due process and of rights, privileges, liberties, and immunities secured by the Constitution of the United States of America.

### SIXTH CLAIM FOR RELIEF
### 42 U.S.C. § 1983
### Fourth Amendment
### Unlawful Search

100.     Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

101.    Defendants acted under color of state law, and within the course and scope of their employment, in their capacities as law enforcement officers at all times relevant to the allegations in this Complaint.

102.    Defendants are "persons" under 42 U.S.C. § 1983.

103.    Plaintiff has a legitimate expectation of privacy in his body and his property being free from unreasonable governmental search.

104.    Defendants had no warrant authorizing any such search of Plaintiff's body or property.

105.    No legally recognizable exigent circumstances or other legal justification existed which would have justified or permitted Defendants' conduct.

106.    Defendants' actions were objectively unreasonable in light of the circumstances confronting them.

107.    Defendants who did not personally search Plaintiff failed to intervene to prevent the other Defendants from searching Plaintiff without reasonable suspicion, a warrant, or exigent circumstances.

108.    Defendants engaged in these actions intentionally, willfully, and wantonly.

109.    As a direct and proximate cause and consequence of Defendants' unconstitutional acts and omissions, described above, Plaintiff suffered injuries, damages, and losses.

110.    Defendants' herein described acts or omissions were the moving force and the legal, direct, and proximate cause of Plaintiff's injuries and losses, including but not limited to non-economic damages, economic damages, the physical and mental pain and anguish Plaintiff suffered, and other compensatory and special damages.

111.    Defendants' intentional actions or inactions as described herein intentionally deprived Plaintiff of due process and of rights, privileges, liberties, and immunities secured by the Constitution of the United States of America.

**SEVENTH CLAIM FOR RELIEF[3]**
**C.R.S. § 13-21-131**
**Colo. Const. Art. II, Section 7**
**Unlawful Arrest**

112.    Plaintiff hereby incorporate all other paragraphs of this Complaint as if fully set forth herein.

113.    Defendants acted under color of state law, and within the course and scope of their employment, in their capacity as law enforcement officers at all times relevant to the allegations in this Complaint.

114.    Defendants are "peace officers[,]" as defined by C.R.S. § 16-2.5-102, and, therefore, is subject to suit under C.R.S. § 13-21-131.

115.    Plaintiff had a protected interest under the Colorado Constitution against being unlawfully arrested.

116.    Defendants did not have probable cause or any other legal basis to believe that Plaintiff had committed or was committing any violating of the law prior to directing Plaintiff to step back and arresting her.

117.    Defendants had no warrant authorizing them to contact Plaintiff.

118.    Defendants who did not personally detain or arrest Plaintiff failed to intervene to prevent the other Defendants from searching Plaintiff without a warrant, probable cause, or exigent circumstances.

---

[3] Plaintiff brings these claims in good faith for the express purpose of extending and/or modifying existing precedent relating to C.R.S. § 13-21-131.

119.    No legally recognizable exigent circumstances existed which would have justified or permitted Defendants' conduct.

120.    Defendants' actions were objectively unreasonable in light of the circumstances confronting them.

121.    Defendants' intentional, willful, and wanton seizure of Plaintiff, as described herein, was solely based on Plaintiff's exercise of his free speech rights.

122.    Defendants' conduct was motivated by evil motive or intent and/or involved reckless or callous indifference to the federally protected rights of Plaintiff.

123.    As a direct and proximate cause and consequence of Defendants' unconstitutional acts and omissions, described above, Plaintiff suffered injuries, damages, and losses.

124.    Defendants' herein described acts or omissions were the moving force and the legal, direct, and proximate cause of Plaintiff's injuries and losses, including but not limited to non-economic damages, economic damages, the physical and mental pain and anguish Plaintiff suffered, and other compensatory and special damages.

**EIGHTH CLAIM FOR RELIEF**[4]
**C.R.S. § 13-21-131**
**Colo. Const. Art. II, Section 7**
**Unlawful Search**

125.    Plaintiff hereby incorporate all other paragraphs of this Complaint as if fully set forth herein.

126.    Defendants acted under color of state law, and within the course and scope of their employment, in their capacity as law enforcement officers at all times relevant to the allegations in this Complaint.

---

[4] Plaintiff brings these claims in good faith for the express purpose of extending and/or modifying existing precedent relating to C.R.S. § 13-21-131.

127.    Defendants are "peace officers[,]" as defined by C.R.S. § 16-2.5-102, and, therefore, is subject to suit under C.R.S. § 13-21-131.

128.    Plaintiff had a protected interest under the Colorado Constitution against being unlawfully searched.

129.    Plaintiff has a legitimate expectation of privacy in his body and his property being free from unreasonable governmental search.

130.    Defendants had no warrant authorizing any such search of Plaintiff's body or property.

131.    No legally recognizable exigent circumstances or other legal justification existed which would have justified or permitted Defendants' conduct.

132.    Defendants' actions were objectively unreasonable in light of the circumstances confronting them.

133.    Defendants who did not personally search Plaintiff failed to intervene to prevent the other Defendants from searching Plaintiff without reasonable suspicion, a warrant, or exigent circumstances.

134.    Defendants engaged in these actions intentionally, willfully, and wantonly.

135.    As a direct and proximate cause and consequence of Defendants' unconstitutional acts and omissions, described above, Plaintiff suffered injuries, damages, and losses.

136.    Defendants' herein described acts or omissions were the moving force and the legal, direct, and proximate cause of Plaintiff's injuries and losses, including but not limited to non-economic damages, economic damages, the physical and mental pain and anguish Plaintiff suffered, and other compensatory and special damages.

## NINTH CLAIM FOR RELIEF
### 42 U.S.C. § 1983

**Fourth Amendment**
**Malicious Prosecution**

137.    Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

138.    Defendants acted under color of state law, and within the course and scope of their employment, in their capacities as law enforcement officers at all times relevant to the allegations in this Complaint.

139.    Defendants are "persons" under 42 U.S.C. § 1983.

140.    Defendants initiated charges against Plaintiff knowing that there was no basis for those charges or probable cause to believe Plaintiff had committed any crime.

141.    No probable cause supported Plaintiff's original arrest, confinement, or prosecution.

142.    Defendants' motivation was not to bring to justice a person thought to have committed a crime, but rather for the purpose of punishing Plaintiff and covering up their unlawful conduct.

143.    Defendants acted with malice in initiating the charges against Plaintiff and causing his continued prosecution.

144.    Defendants engaged in the above actions and omissions knowingly, maliciously, willfully and wantonly.

145.    Defendants who did not personally initiate the malicious prosecution of Plaintiff failed to intervene to prevent the other Defendants from doing so.

146.    Defendants' conduct violated clearly established rights belonging to Plaintiff of which a reasonable person in their positions knew or should have known.

147.     The charges against Plaintiff resulting from the actions/omissions of Defendants described herein were dismissed; thus, the original action against Plaintiff terminated in his favor.

148.     As a direct and proximate cause and consequence of Defendants' unconstitutional acts and omissions, described above, Plaintiff suffered injuries, damages, and losses.

149.     Defendants' herein described acts or omissions were the moving force and the legal, direct, and proximate cause of Plaintiff's injuries and losses, including but not limited to non-economic damages, economic damages, the physical and mental pain and anguish Plaintiff suffered, and other compensatory and special damages.

### TENTH CLAIM FOR RELIEF[5]
### C.R.S. § 13-21-131
### Colo. Const. Art. II, Section 7 & Colo. Const. Art. II, Section 25
### Malicious Prosecution

150.     Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

151.     Defendants acted under color of state law, and within the course and scope of his employment, in his capacity as a law enforcement officer at all times relevant to the allegations in this Complaint.

152.     Defendants are "peace officers[,]" as defined by C.R.S. § 16-2.5-102, and, therefore, is subject to suit under C.R.S. § 13-21-131.

153.     Plaintiff had a protected interest under the Colorado Constitution against being subjected to malicious prosecution.

---

[5] Plaintiff brings these claims in good faith for the express purpose of extending and/or modifying existing precedent relating to C.R.S. § 13-21-131.

154.    Defendants initiated charges against Plaintiff, knowing that there was no basis for those charges or probable cause to believe Plaintiff had committed any crime.

155.    No probable cause supported Plaintiff's original citation and prosecution.

156.    Defendants' motivation was not to bring to justice a person thought to have committed a crime but for the purpose of punishing Plaintiff for engaging in protected speech activity.

157.    Defendants acted with malice in initiating the charges against Plaintiff and causing his continued prosecution.

158.    The charges against Plaintiff resulting from the actions/omissions of the Defendants described herein were dismissed under circumstances indicating innocence; thus, the original action against Plaintiff terminated in his favor.

159.    Defendants' conduct was motivated by evil motive or intent and/or involved reckless or callous indifference to the protected rights of Plaintiff.

160.    Defendants who did not personally initiate the malicious prosecution of Plaintiff failed to intervene to prevent the other Defendants from doing so.

161.    As a direct and proximate cause and consequence of Defendants' unconstitutional acts and omissions, described above, Plaintiff suffered injuries, damages, and losses.

162.    Defendants' herein described acts or omissions were the moving force and the legal, direct, and proximate cause of Plaintiff's injuries and losses, including but not limited to non-economic damages, economic damages, the physical and mental pain and anguish Plaintiff suffered, and other compensatory and special damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against each Defendant, and award him all relief allowed by law, including but not limited to the following:

a. All appropriate relief at law and equity;

b. Declaratory relief;

c. Injunctive relief;

d. Actual economic damages as established at trial;

e. Compensatory damages, including, but not limited to those for past and future pecuniary and non-pecuniary losses, physical and mental pain, humiliation, fear, anxiety, loss of enjoyment of life, loss of liberty, privacy, and sense of security and individual dignity, and other non-pecuniary losses;

f. Punitive damages for all claims as allowed by law in an amount to be determined at trial;

g. Issuance of an Order mandating appropriate equitable relief, including, but not limited to:

    1. Issuance of a formal written apology from each Defendant to Plaintiff;

    2. The imposition of policy changes designed to avoid future similar misconduct by Defendants;

    3. Mandatory training designed to avoid future similar misconduct by Defendants;

h. Pre-judgment and post-judgment interest at the highest lawful rate;

i. Attorney's fees and costs; and

j. Such further relief as justice requires.

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE**

DATED this 23rd day of January 2025.

NEWMAN | MCNULTY, LLC

*s/ Andy McNulty*
Mari Newman
Andy McNulty
Madeline Leibin
1490 N. Lafayette Street Suite 304
Denver, CO 80218
(720) 850 - 5770
mari@newman-mcnulty.com
andy@newman-mcnulty.com
madeline@newman-mcnulty.com

COUNSEL FOR PLAINTIFF